UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edgar Searcy, # 04726-031,<br>*aka Edgar Joe Searcy*,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>NFN Paletz, inmate;<br>Federal Bureau of Investigation;<br>U. S. Attorney General; and<br>Federal Bureau of Prisons,<br><br>　　　　　　　　　　Defendants.<br>_____ | C/A No. 6:07-1389-GRA-WMC<br><br><br><br>**Report and Recommendation** |

**Introduction**

The plaintiff, Edgar Searcy, proceeding *pro se*, brings this action pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971).[1] Plaintiff is an inmate at Estill Federal Correctional Institution, and he files this action under 28 U.S.C. § 1915 seeking to proceed without prepayment of the filing fee. The complaint names two federal agencies, a federal inmate, and the Attorney General of the United States as defendants.[2] Plaintiff claims that defendant Paletz, an inmate, attacked and hit him in the throat on or about September 17, 2006, while both the plaintiff and Paletz were working at Food Services. Plaintiff alleges that he is a

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

"victim" under the Crime Victim Rights' Act, and he seeks certain relief available to victims under that Act. Liberally construed, the plaintiff also alleges claims under *Bivens*[3] for a due process violation and an Eighth Amendment violation for failure to protect his safety. The complaint should be dismissed without service of process for failure to state a claim upon which relief may be granted.

### Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[3]In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993) (*citing*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule)).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

3

**Plaintiff's Prior Litigation in Other Jurisdictions**

The plaintiff is serving a one hundred eighty (180) month sentence as a career offender for a conviction of using interstate commerce (the internet) to engage in sexual activity with a minor.[4] *United States v. Searcy*, 299 F.Supp.2d 1285, 2003 U.S.Dist. LEXIS® 24093 (S.D.Fla. 2003), *affirmed*, 418 F.3d 1193, 2005 U.S.App. LEXIS® 15426 (11th Cir. 2005), *cert. denied*, *Searcy v. United States*, 126 S.Ct. 1007 (U.S., January 9, 2006). The district court in Florida granted the government's motion for an upward departure (on the basis that the plaintiff was a recidivist) and sentenced the plaintiff to the maximum of one hundred eighty (180) months.

The opinions in *United States v. Searcy* at both the district court and circuit court level indicate that the plaintiff has prior convictions (relating to sexual activity with minors) in Kansas and Florida. *See also Searcy v. Simmons*, 299 F.3d 1220, 1222, 2002 U.S.App. LEXIS® 16653 (10th Cir. 2002) (noting that in January of 1997, the petitioner pled *nolo contendere* to sexual exploitation of a child and was sentence to sixty-five months in prison). The State of Kansas had attempted to commit the plaintiff as a sexual predator, but was unable to do so because the State of Kansas had not tried the plaintiff within the sixty-day deadline of the plaintiff's waiver of a probable cause hearing. *In the Matter of the Care and Treatment of Edgar J. Searcy*, 274 Kan. 130, 131, 49 P.3d 1, 3, 2002 Kan.

---

[4] The undersigned takes judicial notice of the plaintiff's prior litigation in other jurisdictions, similar to the Order of this Court in *Searcy v. NFN Skinner*, No. 6:06-cv-1418-GRA-WMC, 2006 WL 1677177 at **4-5 (D.S.C. 2006). The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

LEXIS® 430 (2002) (noting that the plaintiff's Florida convictions arose out of two separate marriages where the plaintiff molested step-daughters in each marriage).

The United States District Court for the Middle District of Florida dismissed with prejudice a suit by the plaintiff against the Microsoft Corporation and the America On Line Corporation for failure to state a claim upon which relief can be granted. *See Edgar Searcy v. Microsoft Corp.*, 2005 WESTLAW® 1163114 (M.D. Fla. May 4, 2005), where the plaintiff sought damages for use of a software device that surreptitiously records a computer user's internet and e-mail activities and stores them on the computer. The district court in Florida also relied on Eleventh Circuit case law allowing a district court to take into account prior litigation in dismissing a questionable claim, and noted that the plaintiff had brought twenty-two (22) federal cases and had been involved in thirty-one (31) cases as a named party. *Searcy v. Microsoft Corp.*, 2005 WESTLAW® 1163114, at * 3 & nn. 14-15.[5]

**Plaintiff's Prior Litigation in this District Court**

In *Searcy v. NFN Skinner*, No. 6:06-cv-1418-GRA-WMC, 2006 WL 1677177 (D.S.C. 2006), this plaintiff sued a different inmate based upon that inmate's attacking him in December of 2005 at FCI-Bennettsville. In that case, after a Report and Recommendation was issued which recommended dismissal of the case without prejudice and without service of process, the plaintiff raised an objection to the District Court based upon the Crime Victims' Rights Act, 18 U.S.C. § 3771. Notably, this District Court found that the plaintiff

---

[5] All of the cases listed by the United States District Court for the Middle District of Florida in *Searcy v. Microsoft* were filed prior to the enactment of the Prison Litigation Reform Act (PLRA) in 1996. Hence, it cannot be determined whether the plaintiff has "struck out" under the PLRA.

5

misconstrued the intent of § 3771, because where the Assistant United States Attorney had declined to "bring a criminal prosecution against Defendant, ... Plaintiff may not use § 3771 as [a] mechanism to bring an action against Defendant directly." *Id.* at *2. Plaintiff appealed the District Court's summary dismissal, but the Fourth Circuit Court of Appeals later dismissed the appeal for failure to prosecute. *See* Docket Entry 18 in No. 6:06-cv-1418-GRA-WMC.[6]

## Factual Background

The plaintiff alleges that at 7:45 a.m. on September 17, 2006, at FCI-Estill, while he was performing his sanitation job in the Food Services area he found a bag of ripe vegetables that he decided must be disposed of, but that inmate Paletz advised the plaintiff that the bag of vegetables belonged to Paletz. When the plaintiff would not give the bag of vegetables to Paletz, defendant Paletz attacked the plaintiff by hitting him in the throat. The plaintiff alleges that no federal employees were in the kitchen area supervising the inmates. The plaintiff searched for a federal employee and reported the attack. Defendant Paletz was taken to confinement, and plaintiff was checked by medical for injuries and then returned to his job. The plaintiff alleges that 12 hours after the attack, the Bureau of Prisons (BOP) staff placed him in confinement. He alleges that both he and Paletz were kept in confinement until they were released on December 21, 2006 (92 days) and then they were assigned to the same housing unit. Plaintiff alleges that Paletz was permitted to return to his job and earn income but that plaintiff was not permitted to return to his same job.

---

[6]Plaintiff filed several other actions in this District Court which are not discussed herein because they are not related nor similar to the civil action *sub judice*.

During October, 2006, the plaintiff alleges that he wrote several letters to the Federal Bureau of Investigation (FBI) seeking to have Paletz prosecuted, but the FBI did not respond. Plaintiff alleges that the BOP did not bring charges against nor discipline Paletz for the crime he committed when he attacked the plaintiff.

## Discussion

### I. Crime Victim Rights' Act

In his complaint, plaintiff relies heavily on his alleged rights pursuant to the Crime Victim Rights' Act (CVRA), 18 U.S.C. § 3771. He alleges that he is the "victim" of a crime committed by defendant Paletz on September, 17, 2006. He asserts that he has not been treated with fairness and dignity as the Act requires, and he seeks relief available under 18 U.S.C. § 3771(a), including restitution and that he be housed apart from Paletz. While plaintiff is correct that the CVRA gives a victim the right to file a motion for relief in federal district court, *see* 18 U.S.C. § 3771(d)(3), plaintiff must first satisfy the Act's statutory definition of "victim." In the plaintiff's previous case related to an attack by a different inmate, *Searcy v. NFN Skinner*, C/A No. 6:06-1418-GRA-WMC, 2006 WL 1677177, District Judge G. Ross Anderson found that "'the CVRA does not grant victims any rights against individuals who have not been convicted of a crime.'" *Id.* at *2. Judge Anderson held that where the Assistant United States Attorney had "declined" to bring a criminal prosecution against the attacker inmate, the plaintiff could not use the CVRA as a mechanism to bring his own action against the inmate. *Id.* In this action, the plaintiff, who alleged that the BOP did not charge defendant Paletz with a crime, is attempting to do just what Judge Anderson told him he could not do in *Searcy v. NFN Skinner*.

7

Other courts and the Attorney General have interpreted the CVRA definition of "victim" slightly differently to require the existence of a prosecutor's charging instrument instead of the existence of a conviction. *E.g., United States v. Turner*, 367 F.Supp.2d 319, 326 (E.D.N.Y. 2005) (The court interpreted the CVRA definition of "victim" to include "any person who would be considered a 'crime victim' if the government were to establish the truth of the factual allegations in its charging instrument."); *Attorney General Guidelines for Victim and Witness Assistance, May 2005*, Article II.D.1, defines a victim as "a person directly and proximately harmed as a result of the commission of a Federal offense... *if the offense is charged in Federal district court*." (The language in italics is not found in the CVRA statutory definition.)[7]

The CVRA clearly states that "nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6). The Attorney General delegated its responsibilities under the CVRA to the Director or Warden of each Bureau of Prisons facility for cases in which the BOP has become involved. *See Attorney General Guidelines for Victim and Witness Assistance, May 2005*, Article II.F.3.b. In this case, where the BOP decided not to charge defendant inmate Paletz with a crime nor subject him to discipline for the alleged attack on the plaintiff, that decision was the exercise of prosecutorial discretion. The plaintiff cannot use the CVRA to impair the BOP's prosecutorial discretion, and the plaintiff does not come within the definition of "victim." Therefore, this Court should dismiss all of the plaintiff's claims that are brought pursuant to the CVRA. Furthermore, because this District Court had held in

---

[7] The *Attorney General Guidelines for Victim and Witness Assistance, May 2005*, is located on the Department of Justice website -- Office for Victims of Crime -- publications.

plaintiff's prior lawsuit against inmate Skinner that the plaintiff could not use the CVRA to bring his own action against an inmate, and the plaintiff in this action is attempting to similarly use the CVRA for an improper purpose, the undersigned recommends that this action be deemed a "strike."

## II.  Failure to protect against an inmate assault

An inmate may state a *Bivens* Eighth Amendment constitutional claim for deliberate indifference to an excessive risk to the inmate's safety.  *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).  A prison official cannot be liable under the Eighth Amendment for an inmate attack against another inmate unless the prison official knew of and disregarded the excessive risk of violence.  *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).  Here, the plaintiff has alleged no facts against any prison official that would support a claim of deliberate indifference to his safety; therefore, he failed to state a claim pursuant to the Eighth Amendment.  Accordingly, this Court should summarily dismiss the plaintiff's claim.

## III.  Due process violation

A inmate may state a *Bivens* due process violation if he was subjected to arbitrary punishment by prison officials, but the inmate must show that "his punishment was not 'within the normal limits or range of custody which the conviction has authorized the State to impose.'"  *Moorehead v. Bledsoe*, C/A No. 705cv00059, 2005 WL 3939963 (W.D. Va. 2005), *aff'd* No. 05-6249, 2005 WL 1820567 (4th Cir. 2005).  *See also Woodley v. Dep't of Corr.*, No. 90-6396, 1991 WL 91407 (4th Cir. 1991) (allegation that inmate was put into segregation in retaliation for filing grievances may state a claim).  The plaintiff alleges that

9

as a result of reporting inmate Paletz's attack against him, plaintiff was placed into confinement for 92 days. Liberally construed, the plaintiff claims a due process violation for arbitrary punishment. This type of a *Bivens* claim may be brought against a prison official for monetary damages. However, this claim is subject to summary dismissal because the plaintiff does not bring it against a proper defendant and the plaintiff does not seek relief which may be granted. Even liberally construed, the plaintiff does not allege monetary damages against a responsible prison official.

### *IV. Named defendants*

In this *Bivens* action, the plaintiff cannot bring suit against another inmate because the inmate, defendant Paletz, did not act under "color of state or federal law." In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens* doctrine, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). *See also Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

*Id.* at 1155. *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Lugar*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

Even if the plaintiff alleged a state law tort claim seeking damages or "restitution" (for six months of lost wages at $87.00 per month) against defendant Paletz, it is clear from the face of the complaint that the amount in controversy in this case is far below $75,000. As a result, this case is not maintainable as a diversity action because the jurisdictional amount ($75,000) of 28 U.S.C. § 1332 is not satisfied, even though complete diversity of parties may exist in this case.[8] *See Dixon v. Edwards*, 290 F.3d 699, 710-711 (4th Cir. 2002).

The plaintiff also named two defendants, Federal Bureau of Investigation and Federal Bureau of Prisons, which are agencies, buildings, or institutions. It is well settled that only "persons" may act under color of state or federal law, therefore, a defendant in a

---

[8]The plaintiff appears to have been a resident of Florida prior to his current federal incarceration; defendant Paletz's domicile prior to his incarceration is unknown. Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D.Ga. 1973) ("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."), *aff'd*, 488 F.2d 977 (5th Cir. 1974); and *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (*per curiam*) ("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration.").

11

section 1983 or *Bivens* action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  Hence, the Federal Bureau of Investigation and Federal Bureau of Prisons are not "persons" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), *aff'd in part and vacated in part on other grounds*, No. 99-6950, 2000 WL 20591 (4th Cir. 2000); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The Federal Bureau of Investigation and the Federal Bureau of Prisons are not proper party defendants in this *Bivens* action and should be dismissed.

The plaintiff further named the United States Attorney General, who is a person, as a defendant.  However, the complaint does not allege any facts against him.  If the plaintiff sued the Attorney General in his supervisory capacity, the action fails.  It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions.  *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.")  Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights.  *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990).  The plaintiff makes no factual allegations against

the defendant Attorney General to indicate his authorization or indifference; accordingly, he should be dismissed.

### *V. Prosecution of Defendant Paletz*

Plaintiff cannot have this Court order a defendant to prosecute criminal charges against defendant Paletz because "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).  Further, prosecutorial discretion does not reside in the judicial branch; the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992).

### *VI. Mandamus relief*

The plaintiff's complaint states that pursuant to 28 U.S.C. § 1361 he seeks to enforce federal employees to perform their jobs.  From the totality of the complaint, this Court construes that the plaintiff seeks a writ of mandamus to compel the Federal Bureau of Investigation and Federal Bureau of Prisons to perform their duties.  A writ of mandamus is issued only in the rarest of circumstances.  *U.S. v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004).  In *Sosa*, the Fourth Circuit explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'"  *Id.  See also In re Pruett*, 133

F.3d 275, 281 (4th Cir. 1997). The plaintiff's right to issuance of the writ is far from indisputable because the plaintiff seeks to compel the federal agencies to prosecute defendant Paletz, and, as explained above, the plaintiff cannot force a prosecution. Accordingly, the plaintiff's request for mandamus relief should be dismissed.

## Recommendation

Accordingly, **it is recommended** that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Pursuant to 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), **it is further recommended** that this action be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). **The petitioner's attention is directed to the important notice on the next page.**

May 30, 2007
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE