**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Edgar Searcy, #04726-031,<br><br>                 Plaintiff,<br><br>  v.<br><br>NFN Paletz, Inmate; Federal Bureau of Investigation; U.S. Attorney General; and Federal Bureau of Prisons,<br><br>                 Defendants. | C/A No. 6:07-1389-GRA-WMC<br><br>**ORDER**<br>(Written Opinion) |

      This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed May 30, 2007. Plaintiff is currently serving a one hundred eighty (180) month sentence as a career offender for a conviction of using interstate commerce (the internet) to engage in sexual activity with a minor. Plaintiff brings this action against Defendant, a fellow inmate, under the Crime Victims' Rights Act. Plaintiff also asserts claims that the remaining Defendants failed to protect him from assault while in prison. The magistrate construed these claims as a *Bivens* action. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process. The magistrate further recommends that this case be deemed a "strike" for purposes of the Prison Litigation Reform Act, 28 U.S.C. §1915(g).

Plaintiff brings this claim *pro se*. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing). This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on June 14, 2007.

Plaintiff objects that this is not a civil rights complaint under the *Bivens* rule. As previously stated, the magistrate liberally construed Plaintiff's complaint as arising under *Bivens*. Plaintiff alleged that federal officers violated his constitutional

rights, so *Bivens* was the appropriate vehicle for his lawsuit.

The remainder of Plaintiff's objections concern the applicability of The Crime Victims' Rights Act. Plaintiff misconstrues the intent of § 3771. The Crime Victims' Rights Act ("CVRA"), codified at 18 U.S.C. § 3771, establishes certain rights of crime victims within the prosecutorial process against a criminal defendant. However, "the CVRA does not grant victims any rights against individuals who have not been convicted of a crime." *In re W.R. Huff Asset Management Co., LLC*, 409 F.3d 555, 564 (2nd Cir. 2005). The Assistant United States Attorney "declined" to bring a criminal prosecution against Defendant, and Plaintiff may not use § 3771 as a mechanism to bring an action against Defendant directly. Therefore, Plaintiff's objections are without merit.

The Court notes that Plaintiff filed an Amended Complaint on June 18, 2007. The Amended Complaint reiterates Plaintiff's claims based on the Crime Victims' Rights Act. Therefore, it is still subject to dismissal.

After a review of the magistrate's Report and Recommendation and Plaintiff's objections thereto, this Court adopts and accepts the magistrate's recommendation. As a result, the Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that Plaintiff's Complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that this case be deemed a "strike" for purposes

of the "three strikes" rule of 28 U.S.C. §1915(g).

      IT IS SO ORDERED.

                                                  G. ROSS ANDERSON, JR.
                                                  UNITED STATES DISTRICT JUDGE

June 27, 2007

Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.